```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| SHUIFA YING, * | |
| * | |
| Plaintiff, * | |
| * | |
| v.         * | CIVIL ACTION NO. 08-00514-KD-B |
| * | |
| CHINA CHEF, INC., *et al.*, * | |
| * | |
| Defendants. * | |

**REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff Shuifa Ying's letter to the Court requesting permission to dismiss his case. (Doc. 23). During a telephone conference with counsel for the parties on November 21, 2008, Mr. Crowe, counsel for Defendants, advised that Defendants do not oppose Plaintiff's request to dismiss this action. Plaintiff's counsel, Frank Xu, represented to the Court that he was unaware of Plaintiff's request to dismiss his case, that he has been unsuccessful in attempting to communicate with Plaintiff, and that he has sent, via regular mail, a Motion to the Court requesting permission to withdraw from this case. Mr. Xu also advised that he sent a copy of his Motion to Plaintiff at his last known address[1]. In light of Mr. Xu's representations, the Court forwarded to Plaintiff, via certified mail, an Order directing him to show cause, on or before **December 5, 2008**, why Mr.

---

[1] The Court received a Notice of Withdrawal from attorney Frank Xu on December 3, 2008. (Doc. 28)

Xu's request to withdraw should not be granted, and why this action should not be dismissed, based upon his letter requesting the dismissal of his case. (Doc. 27)  A review of the file reflects that the Order was received by Plaintiff on November 25, 2008 (Doc. 29), and that as of today's date, Plaintiff has not filed any response to the Court's Order.

Given that Plaintiff has requested permission to dismiss his case, and Defendants have consented to Plaintiff's request, the undersigned hereby RECOMMENDS that this action be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The undersigned further RECOMMENDS that Defendants' Motions for More Definite Statements (Docs. 2, 21) and Motions to Dismiss be denied as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **8th** day of **December, 2008.**

                                            **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                **/s/ SONJA F. BIVINS**
              **UNITED STATES MAGISTRATE JUDGE**